IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, <br><br> Plaintiff, <br><br> vs. <br><br> CHELSEA PROENZA MALEY, f/k/a CHELSEA PROENZA PARKER, <br><br> Defendant. | CIVIL NO. 20-00317 LEK-WRP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff North American Company for Life and Health Insurance's Motion for Default Judgment, filed on October 5, 2020 (Motion). See ECF No. 22. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 23.

After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written

BACKGROUND

Plaintiff filed its Complaint for rescission and declaratory judgment on July 20, 2020, seeking to rescind the life insurance policy, Policy No. XXXXXXXXX4641 (the Policy) issued to Defendant. See ECF No. 1. Plaintiff issued the Policy to Defendant, with a Policy Date of July 25, 2018, and a Specified Amount of $125,000, pursuant to an Individual Life Insurance Application Part 1, an Individual Life Insurance Application Part 2, an Amendment to the Application (collectively referred to as the Initial Application), a Statement of Health and Insurability, and a Policy Delivery Receipt. See id.

On April 8, 2020, Defendant submitted to Plaintiff an Application for Election of Accelerated Death Benefits (2020 Application for Benefits), which was within the two-year contestable period under the Policy. See id. ¶¶ 25, 31-32. After receiving Defendant's 2020 Application for Benefits, Plaintiff conducted a routine contestable investigation and discovered material misrepresentations on Defendant's Application for the Policy. See id. ¶¶ 26-27. Specifically, Plaintiff alleges that Defendant's medical records showed that at the time of her Application, Defendant had been prescribed several medications that she did not

---

objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

disclose on the Application. See id. ¶ 26. Also, Defendant did not disclose certain medical treatments she received from medical providers on her Statement of Health and Insurability. See id. ¶ 27.

Plaintiff alleges that Defendant had a significant medical and health history that she misrepresented or failed to disclose in the Application and Statement of Health and Insurability. See id. ¶¶ 33-34. Plaintiff allege that Defendant's false statements, misrepresentations, and omissions were knowingly false representations that were material to Plaintiff's determination to undertake the risk and issue the Policy. See id. ¶ 35. Plaintiff alleges that Defendant knew she made material misrepresentations because she knew or appreciated that she had the undisclosed medical history and conditions. See id. ¶ 37. Plaintiff alleges that it would not have issued the Policy or would have issued the Policy subject to materially different terms and conditions, if Defendant's medical history had been disclosed to Plaintiff as required either by the Application or the Statement of Health and Insurability. See id. ¶ 38. Plaintiff alleges that Defendant's health was not as described in her Application and Statement of Health and Insurability at the time the Policy was delivered to and accepted by Defendant, such that no coverage under the Policy took effect. See id. ¶ 39.

Plaintiff sent Defendant a letter dated July 16, 2020, advising Defendant that it rescinded the Policy, denied her Application for Benefits under

the Policy, and tendered to Defendant a check for the return of all premiums paid into the Policy, plus interest.  See id. ¶ 40.

On July 20, 2020, Plaintiff mailed a Notice of Lawsuit and Request to Waive Service of Summons, with a copy of the Complaint, to Defendant.  See ECF No. 22 at 14.  Defendant signed and returned the Waiver of Service of Summons on or about August 11, 2020.  See ECF No. 15.  However, Defendant did not file an Answer or otherwise respond to the Complaint.  On September 23, 2020, default was entered against Defendant.  See ECF No. 18.  The present Motion followed.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;

>     (3) the sufficiency of the complaint;
>     (4) the sum of money at stake in the action;
>     (5) the possibility of a dispute concerning material facts;
>     (6) whether the default was due to excusable neglect; and
>     (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be

successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, the Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of Iowa, Defendant is a resident of Hawaii, and the amount in controversy, the value of the policy, exceeds $75,000.  See ECF No. 1. ¶¶ 1-2, 5.  Second, the Court has personal jurisdiction over Defendant because Defendant has waived service.  See ECF No. 15; Fed. R. Civ. P. 4(d)(3) ("When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver").

### B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

#### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

### 2. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, the allegations in Plaintiff's Complaint, taken as true, establish that Plaintiff is entitled to default judgment against Defendant.

#### a.  Rescission

To establish that it is entitled to rescission, Plaintiff must establish that it has not breached the contract and that Defendant has materially breached contract.  See Bishop Trust Co., Ltd., v. Kamokila Dev. Corp., 555 P.2d 1193, 1196 (Haw. 1976); Aickin v. Ocean View Invs. Co., 935 P.2d 992, 1005 (Haw. 1997)).  Here, as detailed above, Plaintiff alleges that Defendant materially breached the Policy because she did not disclose material information in her Application and Statement of Health and Insurability.  The Court finds that Plaintiff's factual allegations, taken as true, are sufficient to establish that Plaintiff is entitled to rescission of the Policy.

#### b.  Declaratory Judgment

Plaintiff seeks a declaration from the Court that the Policy is null and void and that Plaintiff's obligations to Defendant under the Policy have been fully discharged.  As detailed above, Plaintiff alleges that Defendant's health was not as

described in her Application and Statement of Health and Insurability at the time the Policy was delivered to and accepted by Defendant, such that no coverage under the Policy took effect, and that Plaintiff tendered to Defendant a check for the return of all premiums paid into the Policy, plus interest. These allegations, taken as true, are sufficient to establish that Plaintiff is entitled to declaratory judgment that the Policy is null and void and that Plaintiff's obligations to Defendant under the Policy have been fully discharged Defendant. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Here, Plaintiff does not seek an award of monetary damages. See ECF No. 22 at 18. Accordingly, the Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. See TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend this action and has not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Defendant failed to defend this action and default was entered against her. See ECF No. 18. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to a conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b)

9

indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant.

## 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED and default judgment in favor of Plaintiff North American Company for Life and Health Insurance and against Defendant Chelsea Proenza Maley, f/k/a Chelsea Proenza Parker.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 20, 2020.



Wes Reber Porter
United States Magistrate Judge

**NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE v. MALEY; CIVIL NO. 20-00317 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**